# Page v. Louisville & Nashville Railroad Co.

*Action against Railroad Company to recover Damages for Personal Injuries.*

1. *Railroad; duty of railroad to maintain comfortable waiting room at its station.*—The common law does not impose upon a railroad company the duty of establishing and maintaining a comfortable waiting room at stations for persons intending to become passengers on its trains; and no such duty exists unless imposed by the charter of the company, or by a statutory regulation, or by some other legislative authorization conferring the power upon a railroad commission to impose such duty.

[Page v. Louisville & Nashville Railroad Co.]

2. *Same; same; what necessary to maintain suit under statute re-
quiring maintenance of depot.*—In order to maintain an ac-
tion against a railroad company under the statute for dam-
ages resulting from a failure to establish and maintain a
depot sufficient for the accommodation of passengers in a
given town, (Code, p. 974; Acts of 1896-97, p. 956), it is
necessary that the complaint should aver that the defend-
ant's road was being operated through the corporate limits
of the particular town, and that said town had more than
one thousand inhabitants.

3. *Same; same; when suit can be maintained by reason of order
of railroad commission, requiring the establishment of suita-
ble waiting rooms.*—While the statute confers authority on
the railroad commission to require railroads to maintain at
stations along their lines sufficient waiting rooms suitably
heated, etc., for the comfort of passengers, (Code, § 3451),
where in an action brought to recover damages against a
railroad company resulting from a failure to maintain a
suitable waiting room at a station along its road, the com-
plaint contains no averments that the requirement above
referred to was ever made by the railroad commission with
reference to the particular station, no duty is shown to
exist from the defendant to the plaintiff under such statute
and no cause of action is stated thereunder.

4. *Non compos mentis; contract can not be made by next friend.*
The next friend of a *non compos mentis* is wholly without
authority to make a contract that is binding upon her or her
estate; and it is only by her guardian regularly appointed
that contracts can be made binding upon a *non compos mentis.*

APPEAL from the Circuit Court of Conecuh.

Tried before the Hon. JOHN P. HUBBARD.

This was an action brought by the appellant, Jennie
Page, a *non compos mentis,* through her next friend,
Ben Page, against the Louisville & Nashville Railroad
Company, to recover one thousand dollars for personal
injuries.

The complaint as originally filed contained two
counts. In the first count, after averring that the defend-
ant was a corporation operating a railroad across the
State of Alabama and through Conecuh county in said
State, it was then averred that on December 14, 1898,
the plaintiff, through her next friend, Ben Page, told
the defendant's agent at Evergreen, Alabama, that the
plaintiff, who was in delicate health, was going to take

a train next morning at 3:36 o'clock A. M. and requested said agent to have a fire in the waiting room of the depot when the plaintiff arrived; that the defendant's said agent assured plaintiff, through her next friend, that there would be a good fire in the waiting room when the plaintiff came there to take the train referred to; that relying upon the promise of the defendant, though its agent, to have a fire in the waiting room, the plaintiff went to the waiting room on the mornin gof December 15 and purchased a ticket over the defendant's road for the purpose of becoming a passenger on the defendant's train which was scheduled to leave at 3:36 A. M.; that said train was two hours late, and that during this period and while plaintiff was waiting for said train, she requested the agents and employes of the defendant to make a fire in said waiting room, but the defendant's agents and employes did not comply with her request; that at such time it was very cold; "that by reason of defendant's negligence and failure to have a fire in said waiting room at the time hereinbefore mentioned she (plaintiff) was subjected to the intense cold and low temperature of said waiting room for nearly two hours, during which time she suffered great pain and discomfort, and the result of which she was thrown into violent spasms or fits, which caused her great agony and intense suffering."

In the second count of the complaint the negligence complained of was the failure of the defendant to have a fire in its waiting room at Evergreen at the time referred to when the weather was intensely cold.

To the first count of the complaint the defendant demurred upon the grounds (1) that it does not show that the agent of the defendant, whom plaintiff's next friend informed of her condition, had charge of the defendant's depot, or had any duty or authority with reference to the waiting room; (2) that the name of the agent of the defendant referred to is not shown; (3) that it does not show that there was any duty resting upon the defendant or its agent to have a fire in said waiting room; (4) that there was no contract shown by said count between the plaintiff and the defendant.

To both the first and second counts the defendant demurred upon the following grounds: 1st. That it is not shown in either of said counts that the defendant had ever been required by the railroad commission of Alabama to have a waiting room for the convenience of passengers at Evergreen. 2d. Because it is not shown in either of said counts that the plaintiff was, at the time of the agreement alleged, a passenger. These demurrers were sustained. Thereupon the plaintiff amended her complaint by adding three other counts, numbered three, four and five. Each of these counts was substantially the same in their averments of negligence. Defendant's duty towards the plaintiff was averred the same in these counts as stated in the first count, with the following exceptions: In the third count, it was averred that the alleged agreement or promise to have a fire in the waiting room was made to the plaintiff by her next friend by S. Demming, who was agent of defendant at Evergreen, "who had charge of said depot and had authority with reference to keeping the waiting room of said depot in a suitable condition for the comfort and safety of passengers." And it was further averred in this count that it was the duty of the defendant to have a fire in said waiting room when the plaintiff arrived at said depot.

In the fourth count it was averred that the alleged agreement or promise made with "defendant's agent at the depot at Evergreen, Alabama, who had charge of said depot and had authority with reference to keeping the waiting room at said depot in a suitable condition for the comfort and safety of passengers," etc. It was averred in this count that it was the duty of the defendant to have a fire in the waiting room at the time mentioned.

In the fifth count there was no agreement or promise alleged to have been made by the defendant's agent to the next friend of the plaintiff, but it was alleged that the plaintiff went to the depot of the defendant and purchased a ticket for the purpose of becoming a passenger on defendant's train; that the weather was intensely cold, and that the temperature of the defendant's waiting room was far below freezing point; that

the plaintiff was in delicate health; that the train which she expected to take was two hours late; "that during this period plaintiff had to remain in said waiting room not knowing exactly what time said train would arrive, without any fire or other protection from the cold, as a proximate consequence of which, and by reason of the negligent failure of a person in the employ of the defendant who had superintendence intrusted to him over said depot and waiting room, and while in the exercise of such superintendence negligently failed * * * to take due and proper precaution to provide a fire for said waiting room, or to otherwise warm it up, * * * plaintiff suffered great agony," etc.

To each of these counts of the complaint the plaintiff demurred upon several grounds, which were in substance as follows: 1. That there was no duty shown, in either of said counts, on the part of the defendant, to maintain a fire in the waiting room. 2. That it was not shown that there was any valid or binding agreement between the plaintiff and the defendant to provide a fire. 3. That there was no consideration for the alleged promise or undertaking on the part of the agent of the defendant. 4. Because the next friend of plaintiff had no authority to make a contract for her, she being a person of unsound mind. 5. That it was nowhere averred or shown that the railroad commission of Alabama had made any requirements of the defendant as to its accommodation of passengers at Evergreen at the time of the injury complained of. The demurrers to the several counts of the amended complaint were sustained, and, the plaintiff declining to plead further, judgment was rendered for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court upon the pleadings.

J. F. JONES, for appellant, cited *M. & E. R. Co. v. Thompson*, 77 Ala. 448; *W. U. Tel. Co. v. Cunningham*, 99 Ala. 314; *A. G. S. R. R. Co. v. Arnold*, 80 Ala. 600.

THOS. G. & CHAS. P. JONES, *contra*.

TYSON, J.—The case of *Montgomery & Eufaula Railway Co. v. Thompson*, 77 Ala. 448, relied upon by appellant, falls short of holding that under the common law the defendant was under the duty of establishing and maintaining a comfortable waiting room at its stations for persons purposing becoming passengers on its trains. An examination of the cases bearing on this question discloses that no such duty exists, unless imposed by the charter of the defendant or by a statutory regulation, or by some other legislative authorization conferring the powers upon a railroad commission to impose the duty.—*People v. N. Y. L. E. & W. R. R.*, 104 N. Y. 58; *Railroad Co. v. Wash. Territory*, 142 U. S. 492, and authorities therein cited. When legislative enactments declare the duty, the courts will enforce it. Such regulations are a proper exercise of police power by the legislative body.—23 Am. & Eng. Ency. Law, (1st ed.), 118 and notes 1 and 2.

The act of the General Assembly approved February 15, 1897, (page 974 of Code) requires a railroad company operating its road through the corporate limits of any incorporated town or city of more than one thousand inhabitants to establish and maintain one or more depots within such corporate limits sufficient for the accommodation of passengers and the storage of freight. Whether the duty imposed by this act requires the maintenance of a warm and comfortable waiting room during cold weather for passengers, it is unnecessary to decide, for the reason there is no averment in any count of the complaint that defendant's road was being operated through the corporate limits of the town of Evergreen, and that said town had more than one thousand inhabitants. In the absence of these averments, it is clear the plaintiff has failed to bring her case within the provisions of this act.

Section 3451 of the Code confers authority on the railroad commission to require railroads to maintain a sufficient sitting or waiting room suitably heated, etc., for the comfort of passengers, but there is no averment in either of the counts of the complaint that

such requirement was ever made with reference to the station or depot at Evergreen. No duty is, therefore, shown in this respect.

The theory that the defendant was bound to heat the room by reason of a promise made by its agent to the plaintiff's next friend is wholly untenable. Suffice it to say, the plaintiff being a *non compos mentis,* her next best friend was wholly without authority to make any contract that would bind her or her estate. Contracts to be binding must be mutual. Clearly if both were not bound, neither was.

The several counts of the complaint failing to sufficiently aver a state of facts, showing the duty, the breach of which was complained of, there was no error in sustaining the demurrer to each of them.

Affirmed.

