# Nashville, Chattanooga & St. Louis Railway Co. *v*. The State.

*Bill in Equity to enforce order of Railroad Commission.*

1. *Equity jurisdiction; can not enforce order of Railroad Commission providing for changing of location of a denot*—A court of chancery is without power to compel a railroad company

to comply with the order of a Railroad Commission of the State directing and requiring said railroad company to change the location of its depot for a town having a population of less than one thousand inhabitants and to erect and maintain depot buildings for the storage of freight; nor is such authority conferred by reason of the statutes having reference to the powers of 'he Railroad Commission to make regulations for the convenience of passengers, etc., (Code, §§ 3451-53, 3490, 3494.)

APPEAL from the Chancery Court of Marshall.

Tried before the Hon. WILLIAM H. SIMPSON.

The facts of this case are sufficiently stated in the opinion.

The appeal is taken by the respondent from a decree of the chancellor overruling the demurrers interposed to the bill, and the rendition of this decree is assigned as error.

OSCAR R. HUNDLEY, for appellant.—It is a well settled principle of law, that in all cases where statutes contravene the common law, they must be strictly construed. Under the common law there was no duty imposed upon railroads to establish and maintain depots for passengers awaiting transportation, or warehouses for freight offered.—*Page v. L. & N. R. R. Co.*, 129 Ala. 232; *People v. N. Y., Lake Erie & Western R. R. Co.* 104 N. Y. 58; *Northern Pacific R. Co. v. Washington Ter.*, 142 U. S. 492.

Whatever authority the Railroad Commission had to make the order for the removal of the depot, must be found either in the statutes creating the commission and defining its duties, or in some other general statute, or in the charter. There is no question presented in this cause that there is any such power conferred upon the commission, or duty resting upon the railway by the terms of its character.—*People v. R. R. Co.*, 104 N. Y. 58; *Railroad Co. v. Washington*, 142 U. S. 492; *State v. New Haven, etc. Co.*, 37 Conn. 163; *Ib.* 134; *Florida Cen. & P. R. Co. v. State*, 20 L. R. A. 423.

[Nashville, Chattanooga & St. Louis Railway Co. v. The State.]

CHAS. G. BROWN, Attorney-General and ROBERT N. BELL, for the State.—The Railroad Commission, in making the order sought to be enforced, was acting within their power as conferred by the statute; and, therefore, the chancery court has jurisdiction to compel a compliance by the railroad with such order.—6 Thompson on Corporations, 7828, *et seq; Railroad Commissioners v. Portland etc. R. R.*, 18 Amer. Rep. 208; Code, § 3490; *State v. Railroad Co.*, 52 'Am. Rep. 424; *Dakota v. Railroad Co.*, 47 L. R. A. 569.

DOWDELL, J.—The bill in this case is filed in the name of the State of Alabama against the Nashville, Chattanooga & St. Louis Railway Company, under section 3453 of the Code of 1896. Its purpose is to compel a compliance by the appellant, Railway Company, with an order of the Railroad Commissioners of the State, directing and requiring said Railway Company to locate a station, and erect a depot building for the accommodation of passengers and for the handling of freight for shipment in the town of Guntersville, Marshall county, Alabama, through the corporate limits of which, it is averred said railroad company operates its railroad. It is also shown by the bill, that Guntersville has a population of 584 inhabitants and is the county site of Marshall county, and that the present station and depot is located just without the corporate limits of said town, and in the town of Wyeth City, which is adjacent to Guntersville, containing a population of about 299 inhabitants, and that said depot, as at present maintained, is a joint depot for the two towns. There are other allegations as to the amount of passenger and freight traffic from the town of Guntersville annually done by the railroad. The order sought to be enforced, and which was made by the railroad commissioners, in a proceeding before that body instituted by J. L. Burke, mayor, and others, was as follows: "The premises considered it is therefore ordered, that the Nashville, Chattanooga & St. Louis Railway Company, change the location of the depot for the town of Guntersville from its present site in the town of Wyeth City, and that said depot for Guntersville be placed on the plat of ground lying on the

west side of said railroad and St. Clair street and south west of Taylor street in Guntersville, Ala., being the plat of ground proposed to be donated to said railroad by Robert N. Bell and T. L. Farrow. It is further ordered and directed that said depot shall be twenty-five feet wide, and one hundred feet long, with sufficient sitting or waiting room for the comfort and accommodation for its passengers, with separate waiting rooms for the two races, and that a storage room for the reception and shipment of freight shall be maintained of sufficient size to do the business of said town. It is further ordered that said depot shall at all times be suitably heated in the cold weather, and supplied with sufficient fresh drinking water when passengers waiting for trains are present, and with sufficient and comfortable chairs or seats, and that said depot and platform shall be sufficiently lighted when necessary for the comfort and accommodation of passengers, and connected therewith a sufficient number of privies or water closets to be at all times kept clean," etc.

The prayer of the bill is as follows: "Your orator prays that by decree of this court the said defendant be required, directed and compelled to change the location of the depot for the town of Guntersville from its present site in the town of Wyeth City, and place the same on the plat of ground lying on the west side of said railroad and St. Clair street and south west of Taylor street in Guntersville, Alabama, being the plat of ground proposed to be donated as aforesaid to said defendant by Robert N. Bell and T. L. Farrow, and to fully comply with said order made by said railroad commission, which order is set forth in section 3 of this bill." Following the special prayer, is a prayer for general relief.

The demurrer to the bill raises the question of the jurisdiction and power of the court to entertain the bill and grant the relief sought. There is no pretense of authority for the filing of the bill under any provision in the charter of the defendant company. We must therefore look to the statutes alone, for authority to the railroad commission to make the order and for jurisdiction in the court to entertain the bill for its enforcement,

since there is no common law principle upon which such jurisdiction in the court can be rested. While the corporation is *quasi* public in its character and owes duties to the citizens which the courts can and will under appropriate remedies compel it to respect, yet the location of stations and the building of depots are not within such duties when not imposed by legislation. This principle is recognized by the law-making power of this State in the enactment of statutes regulating and controlling railroad corporations, and in the creation of a railroad commission. Independent of legislative control, in so far as any duty of the corporation arises, in the location of stations, to consider the interest and convenience of the general public, it is one, that rests in the discretion of its board of directors, or other governing board, and in the exercise of which, while not injuring the citizen by its abuse, the right of considering the interest of the stockholder can not be denied.

In *Page v. L. & N. R. R. Co.*, 129 Ala. 237, where it was urged in argument that a common law duty rested on the railroad company to establish and maintain comfortable waiting rooms at its stations, it was said: "An examination of the cases bearing on this question discloses that no such duty exists, unless imposed by the charter of the defendant or by a statutory regulation, or by some other legislative authorization conferring the powers upon a railroad commission to impose the duty." Citing *People v. N. Y., L. E. & W. R. R.*, 104 N. Y. 58; *Railroad Co. v. Washington Territory*, 142 U. S. 492. This latter case is quite similar to the case at bar, and especially so with reference to the application of common law principles. In that case the subject was discussed at length and a number of authorities cited. The case of *The State v. Republican Valley Railroad*, 17 Neb. 647 (52 Am. Rep. 525), here relied on by the appellees, was, also, cited and criticized as being inconsistent with the doctrine laid down in *Atchison. etc. R. R. Co. v. Denver & New Orleans R. R. Co.*, 110 U. S. 667, 681, 682, and in *People v. New York. etc. R. R. Co.*, 104 N. Y. 58. Also, the case of *Railroad Commissioners v. Portland & Oxford R. R. Co.* (62 Am. Rep. 424), cited by appellee, is referred to and commented upon. But, in that case,

the statutes expressly empowered the Railroad Commission to make the order, and to apply to the court to enforce it. It is hardly to be questioned, but that it is entirely withing legislative competency to empower the Railroad Commission to order the location of stations and the building of depots, and to apply to the courts for the enforcement of the order.—*Page v. L. & N. R. R. Co., supra;* 23 Amer. & Eng. Ency. of Law (1st ed.), 118 and notes 1 and 2.

By an act approved February 15th, 1897, see margin page 974 of the Code, 1896, any person, company, or corporation owning or operating any railroad through the corporate limits of any incorporated town or city of more than one thousand inhabitants, is required to establish and maintain one or more depots within such corporate limits sufficient for the accommodation of passengers and the storage of freight. While nothing is claimed in the present case under this statute, the town of Guntersville being a town of less than one thousand population, the enactment of the statute is a legislative recognition that independent of legislation no duty to establish and maintain depots existed.

Looking to our general statutes bearing upon the subject, we find under Chap. 95, page 974 of the Code of 1896, Art. 2, the caption of which is, "Regulation affecting the convenience of passengers," Sec. 3451, which provides, that every railroad company for the comfort and accommodation of its passengers, must have when required by the railroad commissioners, at each of the passenger stations along the line of railroad operated by such company, sufficient sitting or waiting rooms, to be determined by the commissioners, for passengers waiting for trains, having regard to sex and race, which shall be suitably heated in cold weather, and supplied with sufficient fresh drinking water, when passengers waiting for trains are present, and with sufficient and comfortable chairs or seats; and connected therewith a sufficient number of comfortable privies or water closets, to be at all times kept clean; and, in a conspicuous place at such station, a bulletin board showing the schedule time of the arrival and departure of all passenger

[Nashville, Chattanooga & St. Louis Railway Co. v. The State.]

trains; and, if there is a telegraph station thereat, when any passenger train is delayed, a bulletin posted in a conspicuous place at such station, showing how much the train is behind its schedule time, and continue to post such bulletins each hour until the train arrives.    Section 3452 provides for the manner, etc., of serving notice of the order of the railroad commission requiring the performance of any of the duties enumerated in section 3451, and the time within which such duties must be performed after the service of notice.   Section 3453 provides for the enforcement of the orders of the railroad commission upon failure or refusal of the railroad company to comply with the same within a specified time, by appropriate proceedings in the chancery court.   We think it quite clear that the provision of section 3453, for proceedings in the chancery court, have reference solely to the duties and powers imposed and conferred by sections 3451 and 3452.   It is manifest from the reading of section 3451, that no duty is imposed by the provisions of this section on the railroad company to change its stations, or to erect and maintain depot buildings for the storage of freight, nor is there any authority or power conferred on the railroad commission to require the same to be done, either expressly or by implication.  The statute is explicit in the enumeration of the duties required of the railroad company, and what is sought to be compelled in the present proceeding is not embraced in the enumerated duties.   It is insisted, however, that the railroad commission had the power under section 3490 to make the order in question.   This section gives the commissioners general supervision over all the railroads in the State, and directs that they "shall from time to time, as they may deem necessary, examine the same, and keep themselves informed as to their condition and the manner in which they are operated with reference to the security and accommodation of the public, and their compliance with their charters and the laws of the State; and shall, in writing, recommend to the persons or corporations operating such railroads, or any of them, from time to time, the adoption of such measures and regulations as the commissioners may deem conducive to the public safety and interests; and the

commissioners, in the performance of their duties, shall have the right to pass free of charge on all the railroads in the State, and take with them any person in their official employment." We are unable to discover in this section under the authority of the general supervision conferred, anything more than advisory functions without any power to compel. And this conclusion is fortified and rendered clearer as to such being the legislative intent when this section is construed in connection with sections 3451 and 3452 and 3453, where the authority is given the commissioners to order the things enumerated, to be done, and remedies are provided for the enforcement of such order. Section 3494 is subject to a like construction. A careful reading of this section fails to disclose anything more than an authority to notify the railroad company of what the commissioners deem necessary changes, and of which, the commissioners are required to "report" in their annual report to the Governor. The authority to notify falls far short of the power to order and compel. Our conclusion is, that the chancellor erred in overruling the demurrer to the bill, and his decree will be reversed, and one will be here entered sustaining the demurrer.

Reversed and rendered.