(97 South. 226)

**ALABAMA GREAT SOUTHERN R. CO. v. ALABAMA PUBLIC SERVICE COMMISSION et al.   (3 Div. 569.)**

(Supreme Court of Alabama. Feb. 8, 1923. Rehearing Denied July 24, 1923.)

**1. Public service commissions ⬥21—Enforcement of orders in excess of jurisdiction, unreasonable, or unjust enjoined.**

The Public Service Commission exercises a limited statutory jurisdiction, and the enforcement of its orders when in excess of jurisdiction, unreasonable, or unjust may be enjoined.

**2. Public service commissions ⬥23—Orders presumed reasonable and just.**

Presumptively, when the Public Service Commission makes an order within the purview of its statutory powers, it will be deemed reasonable and just, and a court will not prevent its enforcement unless it clearly appears that it is unjust and unreasonable.

**3. Railroads ⬥226—Public Service Commission not authorized to order construction of new depot.**

Under Code 1907, § 5541, requiring adequate depots at regular stations, and section 5543, requiring railroads, on the orders of the Public Service Commission, to provide adequate depots where public necessity demands it and the revenues justify it, and section 5652, authorizing the Commission to regulate the locating and building of depots, *held*, that the Commission had no power to order a railroad company to construct an entirely new depot at a place where it had a depot.

**4. Public service commissions ⬥6—Have only powers clearly granted.**

As the Public Service Commission is a statutory creation and is granted authority in derogation of common-law rights, it has only such authority as is clearly granted to it upon a strict construction of the statute.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Bill by the Alabama Great Southern Railroad Company against the Alabama Public Service Commission and the members thereof. From a decree denying relief, complainant appeals. Reversed and rendered.

The bill avers that complainant is a railroad corporation whose line of railroad passes through the town of Attalla, Etowah county, Ala.; that it maintains a depot at that point for the accommodation of passengers; that in 1911 the depot at Attalla was improved and reconstructed in accordance with plans and specifications approved by the Railroad Commission of Alabama, after which it was in all respects adequate for the accommodation of passengers entitled to the use thereof; that in September, 1916, complainant and other carriers using the depot in question were summoned to appear before the Alabama Public Service Commission and show cause why it should not construct and maintain an adequate passenger station at Attalla ; that complainant appeared and submitted evidence to show the present station to be adequate; and that the Commission, after hearing, entered the order exhibited with the bill, as follows:

"After having given due consideration to the testimony in this cause, the Commission is of the opinion that the passenger depot facilities at Attalla, Ala., are inadequate; and it is therefore ordered that the Alabama Great Southern Railroad Company prepare plans and blueprints for a new and adequate depot at Attalla, Ala., and file with this Commission, for its approval, within 60 days from this date, such plans and blueprints; and it is further ordered that after the approval by this Commission of such plans, work shall begin upon the construction of said passenger depot within 60 days after such approval, and shall be prosecuted with due diligence until the completion thereof. The Alabama Public Service Commission retains jurisdiction, reserving the right to make further and other necessary orders in the case."

It is further averred that said order is unjust and unreasonable; that the number of passengers hauled over its line to and from Attalla during the year 1915 was several thousand less than the number hauled the year 1910, after which the present depot was improved in accordance with the plans of the Commissions; that to tear down the present depot and build a new one would require the expenditure of $30,000 to $40,000; and that the revenue derived therefrom does not justify such expenditure, especially where adequate facilities are maintained. It is prayed that the order be adjudged invalid and that the Commission be enjoined from enforcing the same.

Smith, Wilkinson & Smith, of Birmingham, for appellant.

The courts have jurisdiction to enjoin the enforcement of unreasonable or unjust orders of the Public Service Commission. R. R. Com. v. N. A. Ry., 182 Ala. 357, 62 South. 749; Ala. Public Service Com. v. L. & N. R. Co., 206 Ala. 326, 89 South. 524. The power to require railroads to erect depots is statutory; there was no such duty at common law, and such statutes must be strictly construed. Page v. L. & N. R. Co., 129 Ala. 237, 29 South. 676; N., C. & St. L. v. State, 137 Ala. 439, 34 South. 401; L. & N. v. R. R. Com. (C. C.) 191 Fed. 757. The statutes do not authorize the commission to require the tearing down or abandonment of an existing depot, and the building of a new one.

Harwell G. Davis, Atty. Gen., Hugh White, Asst. Atty. Gen., and E. O. McCord, J. F. Duke, and W. M. Thompson, all of Gadsden, for appellees.

The order of the commission is presumptively reasonable, and will not be overturned, unless it clearly appears unjust and unreasonable. R. R. Com. v. N. A. Ry., 182 Ala. 357, 62 South. 749; R. R. Com. v. St. L. & S. F., 195 Ala. 527, 70 South. 645; R. R. Com. v. A. G. S., 185 Ala. 354, 64 South. 13, L. R. A. 1915D, 98. The commission has authority to order the establishment or erection of a depot, as well as to order remodeling or enlargement of an existing building. Code 1907, §§ 5648, 5650, 5651, 5652, 5667, 5668, 5669, 5671, 5719; L. R. & Ft. S. v. Oppenheimer, 64 Ark. 271, 43 S. W. 150, 44 L. R. A. 353; St. L. & S. F. v. Miller, 31 Okl. 801, 123 Pac. 1047; Const. 1901, § 243; 2 Mayf. Dig. 686; 6 Mayf. Dig. 164; Dorman v. State, 34 Ala. 216; Hagan v. Limestone Co., 160 Ala. 544, 49 South. 417, 37 L. R. A. (N. S.) 1027; R. R. Com. v. N. A. Ry., supra; R. R. Com. v. A. G. S., supra.

SOMERVILLE, J. [1] The Public Service Commission "exercises a limited statutory jurisdiction and the court of equity may enjoin the enforcement of its orders when in excess of jurisdiction, unreasonable, or unjust." Ala. Pub. Ser. Comm. v. L. & N. R. Co., 206 Ala. 326, 89 South. 524; Railroad Commission v. Ala. North. Ry. Co., 182 Ala. 357, 62 South. 749.

[2] Presumptively, when the Commission makes an order within the purview of its statutory powers, such order will be deemed reasonable and just, and a court will not deny nor prevent its enforcement unless it clearly appears that it is unjust and unreasonable. Railroad Commission v. Ala. North. Ry. Co., supra; Railroad Commission v. A. G. S. R. Co., 185 Ala. 354, 64 South. 13, L. R. A. 1915D, 98; Railroad Commission v. St. L. & S. F. R. Co., 195 Ala. 527, 70 South. 645. In the case second above cited (185 Ala. 359, 64 South. 15), it was said:

"The legal presumption is that such orders are reasonable; that they were made upon proper evidence; and that they are valid. It

is only when such orders were unauthorized by the law or were made by such board without or in excess of legal authority, or were unreasonable, that they are void."

So far as unreasonable orders are concerned, we apprehend that they are voidable merely, and only by the judgment or decree of a court.

[3] With respect to the establishment and maintenance of depots or passenger stations along the line of a railroad, the Public Service Commission must find its power and authority in sections 5484, 5541, 5543, and 5545 of the Code.

Section 5484 relates to provisions for the comfort and convenience of passengers waiting for trains, and is not directly pertinent to the present inquiry.

Section 5541 requires railroad companies to "provide and maintain adequate depots and depot buildings *at its regular stations,* for the accommodation of passengers" (italics supplied).

A "regular station," as the term is here used, is a regular stopping place where passengers are taken on or discharged. The purpose of section 5541 is to require railroad companies to provide suitable accommodations for their patrons at such places, including adequate buildings with appropriate conveniences and comforts and agents and servants sufficient for the effective transaction of business. The duty is original and general, and its obligation is not dependent upon an order of the Commission, though undoubtedly the Commission has authority to enforce it in proper cases when neglected.

Section 5543 requires all railroads, on the order of the Commission, to "provide, construct, and maintain adequate depots and depot buildings for the accommodation of passengers and for receiving and handling freight where public necessity demands it and the revenue received at such point will be sufficient to justify it," with sufficient employés to effectively handle the business.

This section is manifestly different in scope and purpose from the one preceding. We think it has reference to points on railroad lines where depots and depot buildings have not been provided, and it authorizes the Commission, in the exercise of its sound (but revisable) discretion, upon the dual considerations of public necessity on the one side and of probable revenue returns on the other, to require the construction of such buildings and accommodations as those considerations require and justify.

Section 5545 authorizes the Commission to require that two or more railroads entering a city or town shall, "when practicable, or when the necessities of the case in the judgment of the Railroad Commission demand it, to have and maintain one common or union passenger station," etc.

That section has been construed and upheld in the cases of Railroad Commission v. Ala. North. Ry. Co., 182 Ala. 357, 62 South. 749, and Railroad Commission v. A. G. S. R. R. Co., 185 Ala. 354, 64 South. 13. Obviously, it is without influence in the case before us.

[4] The duties and obligations thus imposed upon railroads did not exist under the common law. Page v. L. & N. R. Co., 129 Ala. 232, 29 South. 676; N. C. & St. L. Ry. Co. v. State, 137 Ala. 439, 34 South. 401. So, also the Railroad Commission, now organized as the Public Service Commission, is of statutory creation, and its authority and powers are prescribed by the statutes and must be sought in the statutes alone. And in accordance with the general rule that statutes in derogation of the common law, and especially of common right, must be strictly construed as to powers granted or rights taken away, and "are to be followed with strictness both as to the methods to be pursued and the cases to which they are to be applied (Crowder v. Fletcher, 80 Ala. 219), statutes like those here under consideration, "as to matters in derogation of the common-law rights of railroad companies, will be strictly construed." 33 Cyc. 144; State v. Yazoo, etc., R. R. Co., 87 Miss. 679, 40 South. 263. This means simply that the Public Service Commission can assume only such powers and exercise only such prerogatives as are clearly granted to it by the Legislature, and that its authority will not be extended by doubtful inference or intendment.

Our consideration of the statutes of the language and purpose of the statutes above reviewed does not disclose any grant of power to the Commission to order a railroad company to construct a new station or depot building where such a building is already constructed, and is adapted for service and use by the railroad company and its patrons. The object of these statutory provisions is to secure to passengers and other patrons of the road a depot building which is adequate in size, structure, and accommodations for the efficient service and the reasonable comfort and convenience of those who have occasion to use it. If an existing depot building is not adequate in any of those respects, and the Commission so ascertains and determines, it is clearly within its power to order that an adequate building be provided and maintained and to that end to require the railroad company to submit to the Commission plans and specifications for such a building for the Commission's consideration and approval.

But we think that the Commission is without authority to require the construction of an entirely new building, involving the abandonment or destruction of the building already in use. If, by remodeling and by enlarging and improving that building, a building can be provided which is adequate

in all respects, nothing more can be required. We do not think it was the purpose of the Legislature to authorize the Commission to impose upon railroad companies expenses or losses not reasonably necessary for practical adequacy and efficiency, and which are designed merely for the satisfaction of local popular pride, or a taste for more imposing and attractive architecture.

The case of St. Louis, etc., Ry. Co. v. State, 28 Okl. 372, 111 Pac. 396, 114 Pac. 1096, is very much in point and supports the conclusion we have above expressed. Under statutes making it the duty of every railway company to provide and maintain adequate, comfortable, and clean depots and depot buildings at their several stations, and authorizing the Corporation Commission to enforce the requirement, it was held that the Commission's order to the railway company to prepare plans and specifications for a passenger depot, to be submitted to the Commission for its approval, and providing that the depot should be built where the existing depot was then located, was in excess of the Commission's authority, as requiring the erection of a new building and the rejection and abandonment of the old one; and the order was reversed and set aside. We think that the reasoning of the Oklahoma court in that case is clear and convincing.

It is to be observed that there is no question here as to the removal of the station or its relocation at another place, and hence this case is not affected by the construction placed on section 5543 of the Code in Railroad Commission v. Ala. North. Ry. Co., 182 Ala. 357, 365, 62 South. 749, where the adoption and location of a union depot was the matter at issue, involving, of necessity, a removal and relocation of the existing depots of the several railroads concerned.

It appears from the record that the citation to the complaining railroad company was to show cause why it should not "construct and maintain an adequate passenger station at Attalla, Ala.," and that the final order of the Commission was for the railroad company to "prepare plans and blueprints for a new and adequate depot at Attalla, Ala., and file with this Commission for its approval, within 60 days from this date, such plans and blueprints."

This order very clearly contemplated the erection of a completely new building on the same site, and required, by necessary implication, the abandonment and destruction of the building then in use. It was therefore in excess of the authority of the Commission, and, being made without authority, it must be pronounced invalid and of no effect.

If the order had followed the citation, and directed the preparation of plans for an adequate passenger station or depot, leaving it open to the railroad company to utilize the existing building, if it could efficiently do so, by remodeling, extending, or otherwise, we would feel constrained, under 'the evidence before us, to uphold the order.

Our conclusion is that complainant is entitled to the relief prayed for, and the decree denying relief will be reversed, and a decree will be here rendered declaring the order in question void and enjoining the respondent Commission from its enforcement.

Reversed and rendered.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

On Rehearing.

SOMERVILLE, J. Our attention is called to section 5652 of the Code:

"The Railroad Commission, subject at all times to the control of the Legislature, may regulate railroad, freight and passenger tariffs, the locating and building of passenger and freight depots, correct abuses, prevent unjust discrimination and extortion, and require reasonable and just rates of freight and passenger tariffs."

The argument is that the powers thus granted by the Legislature to the Commission are granted in the same language as was used in section 243 of the Constitution in conferring the same powers on the Legislature; that this grant of the Constitution must be construed as plenary and complete, and as including the power to require railroad companies to replace existing depot buildings with buildings entirely new, regardless of the necessity for such an improvement; and that the same effect must be accorded to the same language in the statute (section 5652).

Whether there can or should be any difference in the construction of a grant of power to the Legislature and the legislative delegation of power to a mere administrative commission, we are not now called upon to determine.

The power to "regulate * * * the locating and building of passenger and freight depots" means the power to regulate in accordance with the requirements of the public service which the railroads are obligated to supply. This may include the erection of new depots, as pointed out in the original opinion, but it cannot be construed as giving to the Commission the power to arbitrarily require the erection of new depots, regardless of any reasonable necessity therefor, where remodeling and renovation of existing depots will furnish adequate facilities, conveniences, and comforts to the public who have occasion to use them.

The exercise of an arbitrary power like that would, in the writer's opinion, amount to a confiscation of property, in violation of the Fourteenth Amendment to the federal

Constitution. The court, however, deems it unnecessary to pass upon that question.

The application for rehearing will be overruled.

All the Justices concur.