12 So.2d 183
**NORTH ALABAMA MOTOR EXPRESS, Inc., et al. v. ROOKIS et al.**
6 Div. 63.

Supreme Court of Alabama.
Feb. 18, 1943.

Rehearing Denied March 11, 1943.

138

Evans Dunn, Francis Hare, and D. H. Markstein, Jr., all of Birmingham, for appellants.

M. C. Zanaty and Solomon & Berkowitz, all of Birmingham, for appellees.

Wm. N. McQueen, Atty. Gen., and Jas. F. Matthews, Asst. Atty. Gen., for Alabama Public Service Commission.

BOULDIN, Justice.

The appeal is from a decree of the Circuit Court of Jefferson County, sitting in equity, affirming an order of the Alabama Public Service Commission granting a certificate of "convenience and necessity" to appellees to engage in the business of a "common carrier" of specified classes of freight between points within the State of Alabama defined in Appendix A to the order of the Commission, which appears in the report of the case.

The application for a franchise, styled a certificate of "convenience and necessity," was made under Section Nine of the "Alabama Motor Carrier Act of 1939," Acts of 1939, p. 1064 et seq., now codified as Section 301(1) to 301(32), Title 48, Code of 1940.

The pertinent portions of Section 301(9) read: "A. Subject to the provisions * * * of paragraph B of this section, a certificate shall be issued to any qualified applicant therefor, authorizing the whole or any part of the operations covered by the application, if it is found, after public hearing of the application, that the applicant is fit, willing, and able to properly perform the service proposed and to conform with the provisions of this article and requirements, rules and regulations of the commission thereunder, and that the proposed service, to the extent to be authorized by the certificate is or will be required by the present or future public convenience and necessity; otherwise such application shall be denied; * * *. B. Before granting a certificate to a common carrier by motor vehicle 'the commission shall, among other things, consider the following: (1) Whether existing transportation service of all kinds is adequate to meet the reasonable public needs. (2) Financial abil-

ity of the applicant to furnish adequate, continuous and uninterrupted service the year around. (3) The advantages to the public of the proposed service."

Appeals from the orders of the Commission to the Circuit Court, sitting in equity, thence to this court, are governed by Section 301(27). So far as here pertinent, this section provides such appeals "shall be governed by the provisions of the law now in force, or hereafter enacted, respecting appeals in other cases from the final order and actions of the commission." This reference makes applicable Section 82, Title 48, Code of 1940, which, in pertinent part, reads: "The commission's order shall be taken as prima facie just and reasonable. No new or additional evidence may be introduced in the circuit court except as to fraud or misconduct of some person engaged in the administration of this title and affecting the order, ruling or award appealed from, but the court shall otherwise hear the case upon the certified record and shall set aside the order if the court finds that: the commission erred to the prejudice of appellant's substantial rights in its application of the law; or, the order, decision or award was procured by fraud or was based upon a finding of facts contrary to the substantial weight of the evidence."

Our Motor Carrier Act of 1939 expressly repealed former statutes on the subject. Acts 1939, p. 1090, Section 34. However, Section 82, supra, touching the presumption in favor of findings of fact by the Commission, is not materially different from Section 9836 of Code of 1923. See Alabama Power Co. v. Alabama Public Service Comm., 214 Ala. 164, 107 So. 71; Alabama G. S. R. Co. v. Alabama Public Service Comm., 210 Ala. 151, 97 So. 226; Western Ry. of Alabama v. Montgomery County, 228 Ala. 426, 153 So. 622.

As well observed by counsel, the present Act is modeled after the Federal Motor Carrier Act of 1935, 49 U.S.C.A. § 301 et seq., recast, however, to cover intrastate instead of interstate carriers, confer supervisory powers upon our Public Service Commission, and provide for judicial review as above noted.

On the public hearing before the Commission as provided by law, other common carriers, most of them motor carriers, rendering a service similar to that proposed by the applicants, appeared by counsel and presented evidence in opposition to the grant of the franchise sought. The cause was heard in the circuit court on the record

140

certified by the Commission as per statute. The issue in that court and in this court turns on the finding of fact by the Commission. Appellants challenge the sufficiency of the evidence to warrant the grant of a certificate of convenience and necessity.

■ The terminology of Section 82, supra, is to be construed in connection with Section 301(9), supra, requiring the issuance of the certificate if it be found, after a public hearing, that the proposed service "will be required by the present or future public convenience and necessity." In solving this inquiry, the Commission shall, among other things, consider matters set out in (1), (2) and (3) of Section 301(9), supra. The present and future public need in the matter of transportation is a major inquiry. This calls for conclusions of fact upon evidence heard by a special tribunal set up as a permanent body to deal with the problems involved. Capable, understanding men, free of all interest save the performance of public duty, weighing evidence in the light of experience, is the set-up contemplated by law. Courts should not and do not overturn their findings save upon a clear conviction that their orders are wrong and unjust. See 42 Am.Jur. 644 et seq., Section 217.

Section 82, construed as a whole and in the light of well-established principles, means the finding of the Commission will not be overturned if supported by legal evidence of substantial weight and probative force.

The grant of a franchise as here involved is quasi-legislative in character. It is also quasi-judicial. Our statutes clearly make it so. A comprehensive treatment of the whole subject of "Public Administrative Law", including judicial review of the orders of commissions such as ours, is found in 42 Am.Jur. 281 et. seq., wherein many authorities, federal and state, are cited.

Among prevailing rules, applicable here, are these:

■ The order of the Commission is not to be vacated on appeal because of the admission of evidence not legally admissible under technical rules upon the trial of causes before juries. 42 Am.Jur. 460 et seq., Section 129.

Our statute does not contemplate such review. This does not seem to be questioned by appellants.

■ As a corollary to above rule, the Commission may receive and consider evidence shedding some light on the issue, although not admissible under general rules of evidence. Section 129, supra, N. 17; also, p. 468, Section 132. In this connection it may be observed the members of the Commission are not required to be learned in the law of evidence.

■ "There must be some evidence which is competent and legal, as treated by the usual rules for the producing evidence in any legal proceeding to sustain the finding. If founded only on hearsay or other improper evidence, the decision will not be sustained." 42 Am.Jur. 652 et seq., Section 128; see, also, p. 468, Section 122.

■ "Substantial evidence," as used in Section 82, supra, means legal evidence.

■ Tested by these rules, the unsworn letters written by shippers at the instance of the applicants were not evidence to be considered in reviewing the case on appeal. We note they were merely received by the Chairman, the question of their consideration or probative force being left open to be determined by the Commission.

■ Evidence that common carriers now engaged in like transportation were leasing many private trucks to supplement their equipment was admissible. Not that leasing some trucks as a reserve to meet fluctuating demands would evidence inadequacy of existing facilities; but evidence of leasing in large numbers, and the frequent calls for service, was properly admitted as a circumstance to be considered in connection with the whole evidence disclosing the over-all situation with which the Commission must deal.

There was no absence of legal sworn testimony in the case given by Mr. Rookis, Mr. Williams and Mr. Daniel for applicants. We indulge no review and discussion of the evidence pro and con. On full consideration we conclude it presented a case peculiarly addressed to the Commission, whose finding should not be overturned by setting up any opposing judgment or conclusion of our own.

Affirmed.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.