86 So.2d 846

**Howard YIELDING et al., as Members of Personnel Board,**

v.

**Charles L. STEVENS.**

6 Div. 622.

Supreme Court of Alabama.

March 24, 1955.

Rehearing Denied April 12, 1956.

Huey, Stone & Patton, Bessemer, for appellants.

John A. Jenkins, Birmingham, for appellee.

GOODWYN, Justice.

■ The one question for decision is whether the Director of Personnel of Jefferson County, under the provisions of Code 1940, Tit. 62, §§ 330(21) to 330(48), 1951 Pocket Part, creating a civil service system in Jefferson County, may prefer charges against an employee subject to said civil service law. The trial court held that he could not. The identical question was decided in the recent case of Ex parte Darnell, 262 Ala. 71, 76 So.2d 770, contrary to the trial court's holding. Accordingly, on the authority of that case, the judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and MAYFIELD, JJ., concur.

On Rehearing.

GOODWYN, Justice.

This case was placed on rehearing by the author of this opinion for the purpose of having the court determine, in the first instance, whether certain questions not discussed on original deliverance were properly presented to this court for review and decision. Neither party applied for a rehearing.

Appellee Stevens was found guilty of misconduct by the Personnel Board of Jefferson County and demoted by the Board from detective to patrolman. To review this action Stevens petitioned the Circuit Court of Jefferson County for a common law writ of certiorari, assigning some 15 grounds in support thereof. The Circuit Court granted the writ and on review of the record entered judgment quashing and annulling the Board's action. The judgment contains the folowing recital:

"The ground of, and reason for, this judgment of quashal and annullment is specification of error No. 2 in the petition as amended. This court has

not considered it necessary to give consideration to, and has not given consideration to, any specification of error other than specification No. 2."

This appeal is by the Personnel Board from that judgment. Code 1940, Tit. 7, §§ 761 and 1074.

There are five assignments of error. The first four are stated in general terms to the effect that the judgment is contrary to law and that the trial court erred in quashing and annulling the decision of the Personnel Board. Assignment No. 5 is that the court erred in entering the judgment "on the ground that such decision of the Personnel Board was illegal and void because the Personnel Director was not authorized under the law to file charges against appellee". This is the same ground embraced in specification No. 2 which the judgment recites as the basis for the trial court's ruling.

There are no cross assignments of error.

We reversed the judgment on the ground specifically stated in assignment of error No. 5. We did not discuss any of the other grounds given by appellee in his petition to the Circuit Court for certiorari as a basis for issuance of that writ. Among such grounds are the following: (1) That demotion was not a permissible form of disciplinary punishment under the civil service law and rules of the Personnel Board; (2) that the evidence was not sufficient to support the Board's finding of guilt; (3) that Stevens had already been tried for the same offense by the Board of Commissioners of the City of Birmingham and acquitted, and that such finding was a bar to the charges before the Personnel Board.

The suggestion is made that we should also decide these three questions since, on reversal, they will be open questions which ultimately must be decided if the case proceeds to a conclusion.

It should be borne in mind that the case is before us for the purpose of reviewing action taken by the trial court. That court based its decision on one specific ground, at the same time expressly stating in its judgment that it had "not given consideration to any specification of error other than" the specification on which it based its decision. It seems to us that this court, as a court of review, would be assuming, to the hurt of orderly procedure, the function of the trial court if, in the present status of the case, we should decide these questions.

Rehearing denied.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.