92 So.2d 895

Howard YEILDING et al., as Members of Personnel Board of Jefferson County

v.

Charles L. STEVENS.

6 Div. 48.

Supreme Court of Alabama.

Jan. 10, 1957.

Rehearing Denied March 7, 1957.

Huey, Stone & Patton, Bessemer, for appellants.

John A. Jenkins, Birmingham, for appellee.

STAKELY, Justice.

This case grows out of an episode or occurrence which took place on October 6, 1952, and which will be described later at greater length. Later in October, 1952, a charge was preferred against Charles L. Stevens (appellee) a detective of the City of Birmingham who was a permanent classified employee under the Civil Service System of Jefferson County, Alabama. This charge was preferred before the City Commission of the City of Birmingham. The charge was presented by the City Attorney and was for alleged misconduct unbecoming an employee in the public service. At a later time in October 1952 a trial was held on the charge before the City Commission. At that time the City Commission was composed of Hon. Cooper Green, Mayor, Hon. Eugene Connor, Associate Commissioner, and Hon. James W. Morgan, Associate Commissioner. The City Commission by a vote of two to one found that Charles L. Stevens was not guilty of the charge and continued him in his permanent position as detective.

In January 1953 the Director of the Personnel Board of Jefferson County, Alabama, at the direction of the Board preferred the same charge against Charles L. Stevens. The substance of this charge was that Charles L. Stevens had conspired with other detectives to threaten the Chief of Police in order to cause him to raise their efficiency grades. This was the only charge preferred against Charles L. Stevens. As stated in brief there were four other detectives against whom this identical charge was preferred but three of the other four, not including George Palmer, had other charges against them, some having as many as eight or ten other charges against them. All of the cases were tried together at the direction of the Personnel Board. We judge from the record that the same charges and the same witnesses testified to the same facts in the hearing before the Personnel Board as they had in the hearing before the City Commission. The Personnel Board rendered a decision that Charles L. Stevens was guilty of conduct unbecoming an employee in the public service and as punishment demoted him from his permanent rating as a detective to a patrolman.

The decision of the Personnel Board was sought to be reviewed in the Circuit Court of Jefferson County, Alabama, on a petition for a common law writ of certiorari. In the Circuit Court the cause was assigned to three judges, Judges McElroy, Windham and Bailes. The original petition for the writ was based on five main points. This is the second appeal in this case. Yielding v. Stevens, 264 Ala. 255, 86 So.2d 846.

When the present case was heard on re-mandment in the Circuit Court there was an insistence on only three points, which were as follows: (1) The matter was res adjudicata because of the previous action of the City Commission. (2) The punishment (demotion) was not a punishment authorized by the Civil Service Law, Code 1940, Tit. 62, § 330(21) et seq. (3) The finding of the Personnel Board was not supported by any legal evidence.

On May 10, 1956, the Circuit Court of Jefferson County rendered a second judgment, quashing and annulling the judgment of the Personnel Board of Jefferson County, Alabama, on the ground that the evidence was not sufficient to warrant a finding of the petitioner's guilt. From this judgment, the appellants, Members of and Director of the Personnel Board of Jefferson County, Alabama, have prosecuted this appeal.

■ We think it necessary to discuss only the proposition as to whether there was legal evidence to support the finding of the Personnel Board. It is the law that questions of fact or the weight or sufficiency of the evidence will not be reviewed on certiorari and if there is any legal evidence to support the decision of the lower tribunal, such is conclusive on the reviewing court. Kirby v. Commissioners' Court Marshall County, 186 Ala. 611, 65 So. 163; McCulley v. Cunningham, 96 Ala. 583, 11 So. 694; Ex parte Homewood Dairy Products Co., 241 Ala. 470, 3 So.2d 58.

■ We have considered the evidence with great care and have concluded that the decision of the circuit court is correct.

On October 6, 1952, the Director of Personnel was holding a hearing as to the correctness of certain efficiency grades that the detectives had received for the grading period ending June 30, 1952. The hearing had been obtained by the detectives and their main contention was that their grades had been lowered by Chief of Police Pierce under direction of Commissioner Connor because of ill feeling toward them by Commissioner Connor. Chief of Police Pierce testified that Commissioner Connor had not directed or requested the reduction in the grades of the detectives and that he had given the detectives grades which he considered just and correct. The hearing was adjourned around noon on a Saturday and immediately the detectives met for the purpose of seeing what could be done to combat this testimony. When the hearings were resumed on the following Monday and Chief Pierce did not change his testimony, a recess was secured. The detectives met and it was decided to ask the Chief of Police about payments claimed to have been made to him by detectives McMahan and Cain for permitting them to hold barbecues for private parties. The idea seems to have been that the Chief of Police would be embarrassed by mention of these payments. It is claimed that Charles L. Stevens, the appellee here, was guilty of conduct unbecoming a public employee because he was a party to a plan to coerce the Chief of Police into changing his testimony and of raising their grades.

All of these cases against the detectives, as we have said, were tried together. The record is voluminous but we are interested here only in the charge against this appellee, Charles L. Stevens. The evidence shows without dispute that Charles L. Stevens although at one end of the room, where the discussion took place, was silent and took no part in the conversation or negotiations with the Chief of Police. The most that can be said against Charles L. Stevens is that his attorney importuned the Chief of Police to tell the truth and stated that it was wise for all parties for the litigation to be terminated.

The proof against Charles L. Stevens seems to us to be too lacking in evidentiary tendencies to support a charge against him that he was guilty of conduct unbecoming a public employee. He made no suggestion of the plan with reference to the Chief of Police or as to the questions to be asked the Chief of Police. As stated the un-

disputed proof shows that Charles L. Stevens remained silent apart at one end of the room while the discussion took place in another part of the room and took no part in the conversation or negotiations with the Chief of Police in another part of the room. The mere possibility that the negotiations might have caused the Chief of Police to change his testimony and thereby benefit Charles L. Stevens does not, in our judgment under the circumstances, add to the case against Charles L. Stevens and upon a careful consideration of all the facts and circumstances as they relate to Charles L. Stevens, we do not consider that there was evidence that he was guilty of conduct unbecoming a public employee.

It results that it is our judgment that the Circuit Court was correct in holding that the judgment of the Personnel Board be quashed and annulled.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.