175 So.2d 734

**W. M. CHAMBERS TRUCK LINE, INC., et al.**

v.

**ALABAMA PUBLIC SERVICE COMMISSION.**

3 Div. 165.

Supreme Court of Alabama.

May 27, 1965.

Hogan, Callaway & Vance, N. Hawthorne Hawkins, Jr., and D. Harry Mark-

stein, Jr., Birmingham, and J. Douglas Harris, Montgomery, for appellants.

Richmond M. Flowers, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for Public Service Commission.

Wright, Long & Franco, Montgomery, for Chem Haulers.

PER CURIAM.

This is an appeal by a group of common carriers, operating pursuant to the laws of Alabama, from a final decree of the Montgomery Circuit Court, sitting in equity, in refusing to vacate and set aside an order of the Alabama Public Service Commission granting the application of Chem Haulers, Inc., for an amendment to its Certificate of Public Convenience and Necessity No. 2509, wherein it is authorized to serve the public in Alabama as a common carrier. The appellants protested the issuance of the amendment.

The order of the Commission amends said certificate No. 2509, by adding thereto authority "to operate as a common carrier by motor vehicle in the transportation of diesel fuel, solvents, fuel oil and asphalt in tank vehicles, from the plant of Warrior Asphalt Company at Holt, Alabama; gasoline, diesel oil, solvents, fuel oil, jet fuel and asphalt from the plant of Hunt Oil Company about one mile west of Tuscaloosa, Alabama; light oils, diesel fuel, solvents, fuel oil and asphalt from the plant of Cracker Asphalt Company at Moundville, Alabama; over irregular routes to all points and places in Alabama north of U. S. Highway No. 80."

The Commission referred a hearing to attorney-examiner W. F. Black, who, after hearing the evidence ore tenus with an assistant attorney-examiner, made the following report:

"By application filed August 29, 1963, Chem Haulers, Inc., a corporation of Sheffield, Alabama, seeks an amendment to Certificate of Public Convenience and Necessity No. 2509 so as to authorize operations as a common carrier by motor vehicle in the transportation of petroleum and petroleum products, in bulk and in tank trucks, from points within a radius of 25 miles of Tuscaloosa, Alabama, to all points and places in Alabama.

"The granting of the application is opposed by Chambers Truck Line, Inc., Fleet Transport Company of Alabama, Decatur Petroleum Haulers, Inc., and Redwing Carriers, Inc. Each of protestants holds authority from this Commission to engage in the handling of part or all of the traffic here proposed to be transported.

"In support of the application representatives of Warrier Sales and Distributors Corporation, Hunt Oil Company and Cracker Asphalt Company appeared as witnesses. These witnesses testified that their respective companies maintain some vehicles for the transportation of their products but also used and desired to use common carriers for other transportation of these products. Each witness pointed out specific occasions where protesting carriers were not in position to supply proper equipment within a reasonable time to perform the service desired, and pointed out several occasions where the service of protestant was not reasonably prompt or otherwise unsatisfactory and all of them urged the granting of this application.

"Protestants referred to their authority from this Commission and testified that they were able to handle the traffic in question and desired such traffic.

"Upon consideration of the testimony of all the parties and the entire record in this proceeding, the Examiner is of the opinion and finds that the existing transportation service of protestants is not adequate to meet the

reasonable public needs insofar as the supporting witnesses are concerned, that the applicant is fit, willing and able to properly perform the service proposed and to conform with the applicable provisions of law and the requirements, rules and regulations of the Commission thereunder, and that the proposed service to the extent that it seeks authority to transport diesel fuel, fuel oil and asphalt, in tank vehicles, from the plant of Warrior Asphalt Company at Holt, Alabama, gasoline, diesel oil, fuel oil, jet fuel and asphalt from the plant of Hunt Oil Company about one mile west of Tuscaloosa, Alabama, light oils, diesel fuel, fuel oil and asphalt from the plant of Cracker Asphalt Company at Moundville, Alabama, to all points and places in Alabama north of U. S. Highway No. 80 is and will be required by the present and future public convenience and necessity."

We aptly held in the case of Alabama Public Service Commission v. Perkins, 275 Ala. 1, 151 So.2d 627, as follows:

"Coming now to the merits of the case, we take into account the rules governing both the trial court and this court in the review of actions and orders of the Public Service Commission. Section 82, Title 48 of the Code contains the admonition that on appeal 'the commission's order shall be taken as prima facie just and reasonable'. This section further provides that the court shall hear the case upon the certified record and shall set aside the order if it finds that the commission erred to the prejudice of appellant's substantial rights in application of the law or the order was based upon a finding of facts contrary to the substantial weight of the evidence. Running through our decisions has been the recognition of the principle that the matter of issuance of a certificate by the commission 'calls for conclusions of fact upon evidence heard by a special tribunal set up as a permanent body to deal with the problems involved'. North Alabama Motor Express v. Rookis, 244 Ala. 137, 12 So. 2d 183. We there also held that on appeal to this court it must review the judgment of the circuit court setting aside an order of the commission without any presumption of correctness, since the circuit court was in no better position than this court, and this court is governed by the same rules in its review as was the circuit court. Alabama Public Service Commission v. Decatur Transfer & Storage, Inc., supra.

"In the case before us, as we have shown, there was no hearing of evidence by the commission or its members. The evidence was heard ore tenus by the attorney-examiner duly appointed by it to conduct the hearing. From the evidence itself and the demeanor of the witnesses, he made findings and drew conclusions which he reported in writing to the commission. While it was the privilege of the commission to reach their own conclusions from the record before them, just as it is the privilege of the court to reach conclusions contrary to those of the commission, yet, as we have said in reviewing the judgment of the circuit court, the commission was in no better position than the circuit court or this court. Since the attorney-examiner alone saw and heard the witnesses and observed their demeanor on the stand, it would be illogical and unwarranted on the part of both the circuit court and this court not to indulge some favorable presumption in considering the attorney-examiner's report as a part of the whole record. Especially is this true when the findings and conclusions find support in the evidence. Upon the two essential questions of the fitness of the applicant, acting by and through its princi-

pal officer and owner, and the need for the proposed service, after a careful and attentive consideration of the entire record we reach the conclusion that the judgment of the circuit court, setting aside the order of the commission, should be affirmed."

We are not persuaded, after reading the text of all the evidence, that either the report of the attorney-examiner, or the majority order of the Commission granting the amendment to the certificate of applicant, is contrary to the substantial weight of the evidence. The attorney-examiner is in better position to determine the truth and veracity of those testifying at the hearing which he conducted. Thus, he must be in better position to determine the weight to be accorded the testimony at such hearing.

The order of the Commission on appeal to this court is taken as prima facie just and reasonable, and shall not be disturbed unless the Commission erred to the prejudice of appellants' substantial rights in its application of the law; or, unless the order, decision or award was procured by fraud, or was based upon a finding of facts contrary to the substantial weight of the evidence. Section 82, Title 48, Code of 1940.

We therefore hold:

(1) The Commission in its order of March 17, 1964, did not err to the prejudice of complainants-appellants' substantial rights in its application of the law.

(2) The Commission's order of March 17, 1964, was based upon a finding of facts by the attorney-examiner that was not contrary to the substantial weight of the evidence.

(3) The Commission's order is supported by legal evidence of substantial weight and probative force.

It is ordered that the decree of the trial court is due to be, and is, hereby affirmed.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN, and COLEMAN, JJ., concur.