282 So.2d 291

In re Jack E. GRANT and Morris Berger et al., as Members of the Mobile County Personnel Board

v.

The CITY OF MOBILE, a municipal corp.

Ex parte CITY OF MOBILE.

S.C. 468.

Supreme Court of Alabama.

Aug. 30, 1973.

William H. Brigham, Mobile, for petitioner.

Mylan R. Engel, Mobile, for respondents.

COLEMAN, Justice.

An employee of the City of Mobile was employed as a toll collector on the Bankhead Tunnel. He had been employed about twenty-seven months and had no suspensions or reprimands during that period. His duties included the collection of money and placing the money in a safe near his place of employment. At regular times other employees or agents of the city went to the safe, removed the money and took it to a bank. The procedure provided a method of checking and reporting toll collections so that the agents who took the money to the bank could, upon opening the safe, promptly determine whether any money was missing.

On a certain morning, the agents of the city discovered that a money bag charged to the employee toll collector was missing from the safe. The bag contained $280.00. The toll collector testified that he had placed the bag in the safe. He did not contend that the bag was not missing when the safe was opened.

The city dismissed the toll collector from employment by the city. He appealed to the Personnel Board of Mobile County as provided by Act No. 470, approved September 15, 1939; Local Acts 1939, page 298.

After a hearing the Board found that the city was justified in taking disciplinary action against the employee, but found that the penalty of dismissal was too severe. The Board ordered:

"THEREFORE, after giving careful and deliberate consideration to all of the evidence adduced at the hearing, it is the decision and finding of the Board that the action of dismissal heretofore imposed upon the employee, Jack E. Grant, be and the same is hereby modified and altered to suspension from active duty, without pay, from the date of his dismissal until September 16, 1971, and that the employee thereafter be fully restored to active duty on the express condition, however, that the employee make arrangements to pay to the City of Mobile the monies unaccounted for, to-wit, the sum of $280.00, within a period of six (6) months from the date of this order. The Board is of the opinion that if the employee wishes to resume employment he owes this obligation to the public for his failure to exercise the necessary degree of care.

"It is the further order of the Board that the employee, after having been restored to active duty, shall be on a probationary basis until such time as payment is made in full.

"And it is the further order of the Board that should the employee fail to pay the monies as aforesaid, then the Board of Commissioners of the City of Mobile shall be justified in dismissing said employee forthwith."

Rule 14.7, adopted by the Board, provides that the Board may rescind, modify, alter or affirm the penalty imposed by the appointing authority or impose such additional or different penalty *"as may be warranted by the evidence adduced at the hearing."* In Jordan v. City of Mobile, 260 Ala. 393, 71 So.2d 513, this court held that, as against the objection urged against Rule 14.7 in *Jordan,* the rule was not contrary to the authority to adopt rules granted by Act No. 470.

In the instant case, the city appealed to the circuit court as provided by Section XXXIV of Act No. 470. Section XXXIV provides that findings of fact of the Board contained in the transcript of the proceedings before the Board, ". . . if supported by substantial evidence adduced before said Board . . . " shall be conclusive on such appeal.

The order of the circuit court contains the following statement:

"Even if this review of the evidence was of the limited nature of that under a Writ of Certiorari, which it is not, the finding of facts and conclusions of the Personnel Board Order would have to

have some basis of legal evidence. Yeilding (sic) v. Stevens, 265 Ala. 562, 92 So.2d 895, (1957); No. Ala. Motor Exp. v. Rookis, 244 Ala. 137, 12 So.2d 183 (1943). This Court finds that there was no evidence of any necessary 'safeguard' lacking in the City Tunnel System, either for the protection of the toll collector against his own intentional, or careless or negligent, loss of money. The Board 'Order' set out no other basis than the lack of 'safeguards' for setting aside the City's dismissal of Jack Grant.

"The Court finds that in Alabama, the determination of whether an Order by a Board acting as in this case is supported by substantial evidence, is held to mean whether it is supported by *legal evidence* of substantial weight and probative force. Alabama Public Service Commission v. Nunis, 252 Ala. 30, 39 So.2d 409 (1949); Hearn v. United States Pipe, 217 Ala. 352, 116 So. 365 (sic) (1928) Yeilding (sic) v. Stevens, supra. (Emphasis added.)"

The circuit court found that the charges of the city against the employee were not proved to be unwarranted; that the finding of the Board concerning the insufficiency of necessary "safeguards" for toll collectors' protection was not supported by substantial evidence; and that the order of the Board is not reasonable in that its findings of fact, that necessary "safeguards" were lacking which justified a refusal to uphold the dismissal of the employee toll collector, is based on no legal evidence. The circuit court vacated the order of the Board and reinstated the city's order of dismissal of the employee.

The employee appealed to the Court of Civil Appeals. That court reversed the order of the circuit court and reinstated the order of the Board. The city applies to the Supreme Court for certiorari to review the judgment of the Court of Civil Appeals.

The city asserts that the decision of the Court of Civil Appeals is in conflict with prior decisions of this court in two respects.

1.

■ The city argues that this court has specifically held that the power of the Board concerning dismissals by the city under Act No. 470 is to:

(1) Reinstate an employee if the charges of the appointing authority are proved unwarranted.

(2) Adopt rules governing cases where the grounds for dismissal are technical, or the cause trivial, followed by severe and excessive punishment by the appointing authority.

The assertion by the city is taken from a statement in Jordan v. City of Mobile, 260 Ala. 393, 400, 71 So.2d 513, 519, where this court said:

"... We do not consider that the mere fact that the legislature saw fit to declare by Section 22(a) what the judgment of the board should be when a charge against an employee is proven unwarranted, that this inhibits the board or limits its powers to adopt rules governing cases where the grounds for dismissal are technical or the cause therefor trivial, followed by severe and excessive punishment by the appointing authority, namely, the city or the county. If it be appropriate or necessary to the just administration of the act that the board modify excessive punishment, then surely it is empowered to adopt a rule to that effect. ..."

The last quoted statement from *Jordan* was made by this court in considering argument that Rule 14.7 was not authorized by Act No. 470. This court quoted from Section IX of the act which authorizes the Board to adopt rules necessary, appropriate, or desirable to carry out the provisions of the act. This court, in Paragraph [1] of the opinion, agreed that the delegation of power to make rules cannot extend to the making of rules which subvert the stat-

ute giving such power or which repeal or abrogate the statute.

Rule 14.7 contains the following provision:

> " 'Decision. 14.7. The hearing on appeal shall be de novo, and the Board may rescind, modify, alter or affirm the penalty imposed by the appointing authority, or may impose such additional or different penalty *as may be warranted by the evidence adduced at the hearing.* . . .' " (Emphasis Supplied) (260 Ala. at 397, 71 So.2d at 516)

The city appears to argue that the statement in *Jordan* limits the Board's power to modify the penalty or impose an additional or different penalty to a case where the grounds for dismissal are "technical or the cause therefor trivial." We do not agree with the city's argument. The limits on the Board's power to change the penalty under Rule 14.7 are that the Board "may impose such additional or different penalty *as may be warranted by the evidence* adduced at the hearing." The first proposition argued by the city is without merit.

### 2.

■ The city argues further that the statement by the Court of Civil Appeals, that " ' . . . the discretionary actions of the Board, to-wit, the extent or severity of the punishment are not to be disturbed by a Circuit Court on review . . .,' " is contrary to the holding that there must be some legal evidence to support the finding of a commission in a judicial matter, citing Yielding v. Stevens, 265 Ala. 562, 92 So.2d 895; Ex parte Homewood Dairy Products Co., 241 Ala. 470, 3 So.2d 58, and North Alabama Motor Express v. Rookis, 244 Ala. 137, 12 So.2d 183.

The city contends also that there is no "legal" evidence to support the action of the Board in changing the penalty.

The quoted statement from the Court of Civil Appeals is only part of a sentence in the opinion. Reference to the opinion shows that the Court of Civil Appeals set out in full Section XXXIV of Act No. 470 and then said:

> "The above section gives to the circuit court a right of review of the Board's order. This section makes clear that the discretionary actions of the Board, to wit, the extent or severity of the punishment are not to be disturbed by the circuit court on review, but if the findings of fact are supported by substantial evidence, such findings shall be upheld and the conclusions or order from such findings shall be upheld unless unlawful or unreasonable within the meaning of the act."

That part of the statement quoted by petitioner (that "extent or severity of the punishment are not to be disturbed by the circuit court on review") standing alone is clearly in direct conflict with the last sentence of Section XXXIV of Act No. 470 which recites:

> "If upon such appeal the Court finds that the ruling, order or action appealed from is unlawful or unreasonable within the meaning of this Act it shall have power to vacate or modify the same."

Subsequently, in the opinion in the instant case, the Court of Civil Appeals undertakes to state its conclusions from the evidence and on page 12 of the opinion makes the following statement:

> "Here, as seen from above, there is substantial evidence upon which the Board may be warranted in modifying or altering the penalty imposed by the appointing authority."

The Court of Civil Appeals thus appears to recognize that if the ruling, order, or action of the Board in reducing the penalty is unlawful or unreasonable, the circuit court has power to vacate or modify the same. By finding that there is substantial evidence to support the Board's action, the Court of Civil Appeals also recognizes that substantial supporting evidence is neces-

**462**

sary if the action of the Board is to be held lawful and reasonable.

This court has held that the action of the Personnel Board of Jefferson County was correctly reversed by the circuit court for lack of evidence to support the action of the Board. In Yielding v. Stevens, supra, the Board had found an employee guilty of conduct unbecoming an employee in the public service. The decision of the Board was reviewed in the circuit court on petition for common law certiorari. The circuit court rendered judgment quashing and annulling the decision of the Board on the ground that there was no evidence to support the Board's finding of the employee's guilt.

In Rule 14.7, as stated above, the power of the Board to impose a different penalty is determined by "the evidence adduced at the hearing." In the instant case, the circuit court found that the action of the Board in changing the penalty was not supported by the evidence. The Court of Civil Appeals has reached the opposite conclusion and says "there is substantial evidence upon which the Board may be warranted in modifying or altering the penalty imposed by the appointing authority."

On appeal to the Court of Civil Appeals, it is the responsibility of that court to examine the record and ascertain whether the evidence supports the finding of the trial court. In the instant case, the question is whether the evidence supports the action of the Board before whom the testimony was taken ore tenus.

The evidence is not set out in the opinion of the Court of Civil Appeals. When the evidence is not set out by one of the courts of appeal in its opinion, this court will not, on petition for certiorari, look to the record and ascertain whether the evidence is sufficient to support the finding of the courts of appeal as to the sufficiency of the evidence to support the judgment of the trial court. Many authorities to support this rule of review are cited in Alabama Digest, Certiorari, ☞ 68.

See: Postal Telegraph Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91; Thompson v. Curry, 256 Ala. 564, 56 So.2d 362; State Dept. of Industrial Relations v. Ford, 278 Ala. 352, 178 So.2d 190; Humphrey v. Boschung, 287 Ala. 600, 253 So.2d 769.

The Court of Civil Appeals has held the evidence sufficient to sustain the action of the Board. This court has said:

"    .    .    We cannot review or revise this finding. We are bound to affirm the holding of the Court of Appeals since, on a review by certiorari of the judgments and opinions of that court, we are bound by the findings of fact by the Court of Appeals and may not go to the record." Clayton v. Ragsdale, 276 Ala. 321, 322, 161 So.2d 804, 805.

Writ denied.

All Justices concur.