EMBRY, Justice.
This appeal is from a judgment of the Circuit Court of Montgomery County affirming an order of the Alabama Public Service Commission (APSC) which held that a certificate of public convenience and necessity would not be required for certain interstate, transportation of bulk commodities transferred from exempt for-hire barge shipments. We affirm. The order provides:
“IT IS THEREFORE, ORDERED BY THE COMMISSION, that a certificate of public convenience and necessity shall not be required for motor carrier transportation within Alabama following exempt, for-hire ex barge shipments in bulk, where the barge shipments were made from out of state points and the shipper had the original and persisting intent for the cargo to move to the motor carrier destination point. Such motor carrier transportation may be conducted by a carrier registered with this Commission for interstate operations.”
In re Ex Barge Shipments — Informal Docket C-4636, APSC (10 Dec. 1982). The issue before this court on appeal is whether the APSC erred in holding that the particular trucking operations of Southern Haulers, Inc., under scrutiny here, are interstate in nature and therefore exempt from its regulation. § 37-3-3, Code 1975; § 37-3-10, Code 1975; Buck v. Kuykendall, 267 U.S. 307, 45 S.Ct. 324, 69 L.Ed. 623 (1925).
Appellants, Miller Transporters, Inc., and Redwing Carriers, Inc., are motor carriers with intrastate authority from the APSC. They contend the activity of Southern Haulers is intrastate in character. They would have this court overturn the decision of, and compel, the APSC to exercise jurisdiction over Southern Haulers. They also contend the circuit court committed reversible error by its consideration of an affidavit in evidence before it on the hearing of the appeal from the APSC.
The APSC, Southern Haulers, Decatur Transit, Commercial Hauling Company, Pine Flat Gravel, and the Port of Decatur contend the shipments are interstate in character, under the facts of this case; therefore, the order of the APSC is correct. Furthermore, they say, to adopt the position of Miller and Redwing would create an anticompetitive situation restricting competition.
I
STANDARD OF REVIEW
Review by this court is under § 37-1-124, Code 1975:
“The commission’s order shall be taken as prima facie just and reasonable. No new or additional evidence may be introduced in the circuit court, except as to fraud or misconduct of some person engaged in the administration of this title and affecting the order, ruling or award appealed form, but the court shall otherwise hear the case upon the certified *1375 record and shall set aside the order if the court finds that:
“(1) The commission erred to the prejudice of appellant’s substantial rights in its application of the law; or
“(2) The order, decision or award was procured by fraud or was based upon a finding of facts contrary to the substantial weight of the evidence.
“However, the court may, instead of setting aside the order, remand the case to the commission for further proceedings in conformity with the direction of the court. The court may, in advance of judgment and upon a sufficient showing, remand the case to the commission for the purpose of taking additional testimony or other proceedings.”
Miller and Redwing contend the APSC has erred to the prejudice of their substantial rights in its application of the law.
Here, Miller and Redwing have the burden of demonstrating that the evidence of record does not sustain the conclusions reached by the APSC. Alabama Gas Corp. v. Wallace, 293 Ala. 594, 308 So.2d 674 (1975). In this regard, findings of the APSC will not be overturned if supported by legal evidence of substantial weight and probative force. North Ala. Motor Express, Inc. v. Rookis, 244 Ala. 137,12 So.2d 183 (1943).
Appellants’ task is even more burdensome because we view the commission as a “body of experts” which made its decision based on evidence weighed in the light of experience. Alabama Power Co. v. Alabama Public Service Commission, 278 Ala. 597, 179 So.2d 725 (1965).
II
INTERSTATE OR INTRASTATE COMMERCE?
The term interstate commerce is distinguished from other commerce by the phrase “among the several states” as found in the commerce clause of the U.S. Constitution. It is not a term which lends itself to a definition simplistically applied in all cases:
“ ‘Interstate commerce’ is not a technical legal conception, but a practical one drawn from the course of business, and what falls within it must be determined upon consideration of established facts and known commercial methods; there is no single concept of interstate commerce which can be applied to every federal statute regulating commerce.”
15A Am.Jur.2d Commerce § 4 (1976).
The APSC determined that the shipper maintains an “original and persisting intent” to transfer the bulk cargo from an out-of-stát.e origin to a final destination in Alabama. The shipment takes place in stages, the first of which is transport by barge to a port facility in Alabama, where the barge is unloaded. The final stage entails the use of motor carrier transport to get the bulk commodity from the port facility to its final destination. Consequently, the entire second stage of the journey takes place entirely within the borders of Alabama.
On the basis of the facts found by the APSC, the entire movement of this bulk commodity falls squarely within the classic definition of interstate commerce. It is commerce “among the several states.” However, the barge movements, under the facts of this case, are obviously exempt from I.C.C. regulation:
“(a)(1) The Interstate Commerce Commission does not have jurisdiction under this subchapter over transportation by a water carrier of commodities in bulk that, under an existing custom of the trade in the handling and transportation of commodities in bulk as of June 1, 1939—
“(A) are loaded and carried without wrappers or containers; and “(B) are received and delivered by the carrier without transportation mark or count.”
49 U.S.C.S. § 10542 (Law Co-op. 1982 & Supp.1984). The section does not refer to transport by motor carrier.
Miller and Redwing contend the hauling by motor carrier in this case is not exempt *1376 under the Interstate Commerce Act and it is not, standing alone, subject to regulation by the I.C.C. Therefore, they assert, this activity is not preempted by the Constitution or Congress and therefore regulation is to be exercised by the APSC because the Alabama Motor Carrier Act extends to operations of motor carriers of freight that are not regulated under the Federal Act.
“[T]he present act is modeled after the Federal Motor Carrier Act of 1935, 49 U.S.C.A. § 301 et seq., recast, however, to cover intrastate instead of interstate carriers, confer supervisory powers upon our Public Service Commission, and provide for judicial review....”
North Alabama Motor Express, Inc. v. Rookis, 244 Ala. 137, 139, 12 So.2d 183, 185 (1943). Appellees say it would be unfair and inappropriate to artificially bracket a portion of the journey in that manner where the shipper contemplates at the outset that the shipment will be by continuous movement from the point of origin to the point of destination, with travel through two or more states:
“It is well settled that, in determining whether a particular movement of freight is interstate or intrastate or foreign commerce, the intention existing at the time the movement starts governs and fixes the character of the shipment. ...”
State of Texas v. Anderson, Clayton & Co., 92 F.2d 104, 107 (5th Cir.), cert. denied, 302 U.S. 747, 58 S.Ct. 265, 82 L.Ed. 578 (1937). The facts support appellees’ position.
The Interstate Commerce Commission has refrained from regulating motor carrier movements within a single state when they are preceded by an exempt interstate movement such as for-hire ex barge shipments in bulk. See Pennsylvania Railroad Co. v. Public Utilities Commission of Ohio, 298 U.S. 170, 56 S.Ct. 687) 80 L.Ed. 1130 (1936) (intrastate rail movements preceded by a private carriage); Behnken Truck Service, Inc., Extension v. Ex Barge Traffic, 103 M.C.C. 787 (1967) (intrastate motor carriage preceded by exempt for-hire barge movements). That the Interstate Commerce Commission has relaxed regulation under those special circumstances does not in any way alter the interstate character of the commerce involved, nor does it remove any portion of the journey from federal jurisdiction:
“Apart from the established precedents, effective regulation by the Commission, obliges us to assert jurisdiction over transportation performed within a single State that precedes or follows exempt for-hire transportation in interstate or foreign commerce....”
Monsanto Company v. The Alton & Southern Railway Co., 339 I.C.C. 319, 323 (1971).
Appellants further contend the trial court erred because it considered an affidavit in support of memorandum of law submitted to show that the Commissions of the States of Georgia, Tennessee and Mississippi consider a shipment moving from a point out of state to a point in state to be an interstate shipment. It was not error to consider it as it would not be to consider an unsworn memorandum of law.
We find no error in the judgment of the trial court or the order of the Alabama Public Service Commission; therefore, the judgment below is due to be and is hereby affirmed.
AFFIRMED.
FAULKNER, ALMON, SHORES and ADAMS, JJ., concur.