MADDOX, Justice.
The issue presented by this appeal is whether the trial judge correctly held that the provisions of three policies of excess insurance held by the injured party’s employer provided no uninsured motorist benefits to the injured party, who was injured when he was involved in an automobile accident with a phantom vehicle. The trial judge entered a summary judgment for each of the three excess carriers.
*733 We have examined the provisions of each policy, and after applying what we consider to be the appropriate principles of law, we affirm.
The facts are not seriously disputed. Thomas Albert Sweatt, while driving a truck for his employer, Smith’s Bakery, Inc. (“the Bakery”), was severely injured when he was involved in an accident with a phantom vehicle. Sweatt and his wife filed an uninsured motorist action against the Bakery’s automotive insurance carrier, Employers Casualty Company, and against his personal automotive insurance carrier, Aet-na Casualty and Surety Company. Employers Casualty paid into court the amount of its policy, $60,000, and Sweatt subsequently settled with Aetna. Sweatt later amended his complaint to add as parties the Bakery’s three excess insurance carriers. Great American Insurance Company’s policy with the Bakery provided excess coverage .with a limit of $5,000,000; Federal Insurance Company’s policy with the Bakery provided a limit of $10,000,000, and Fireman’s Fund Insurance Company’s policy with the Bakery provided a limit of $20,000,000.
The three excess carriers moved for summary judgment and argued that their policies did not provide uninsured motorist benefits to the Sweatts. They contended that their individual policies covered only damages the employer “shall become legally obligated to pay,” and that, under the facts of this case, the employer was obligated to pay only worker’s compensation benefits, and that those benefits had been paid. The trial court agreed with the carriers’ argument and granted their motions for summary judgment and made their judgments final pursuant to Rule 54(b), Ala.R.Civ.P.
The Great American policy provides the following coverage:
“The company will pay on behalf of the insured the ultimate net loss in excess of the underlying limit or retained limit which the insured shall become legally obligated to pay_” (Emphasis added.)
The Federal Insurance policy provides as follows:
“Subject to the terms of this policy; the Company agrees to pay on behalf of the insured loss resulting from an occurrence insured by all policies scheduled in Item 5 of the Declaration.”
The Federal Insurance policy then defines “loss” as follows:
“[A]ll sums actually paid or sums which the insured is legally obligated to pay in the settlement or satisfaction of a claim to which this insurance applies after making proper deductions for all recoveries and salvage.” (Emphasis added.)
The Fireman’s Fund policy provides the following coverage:
“Subject to the other provisions of this policy, We will indemnify the Insured for the Insured’s Ultimate Net Loss if such loss results from an occurrence insured by all of the policies designated in the Declarations as Underlying Insurance.”
The Fireman’s Fund policy then defines “Ultimate Net Loss” as follows:
“Ultimate Net Loss means all sums actually paid, or which the insured is legally obligated to pay, as damages in settlement or satisfaction of claims or suits for which insurance is afforded under this policy, after proper deduction for all recoveries or salvage.” (Emphasis added.)
Insurance policies are to be construed in light of the interpretation that ordinary persons would place on the language used therein. Ho Brothers Restaurant, Inc. v. Aetna Cas. & Sur. Co., 492 So.2d 603, 605 (Ala.1986).
The Sweatts argue that even if the three policies are not, by their terms, considered to be uninsured motorist policies, they are, nevertheless transformed into uninsured motorist policies by Ala. Code 1975, § 32-7-23, which provides, “No automobile liability or motor vehicle liability policy ... shall be delivered or issued for delivery in this state ... unless coverage is provided therein” for damages caused by uninsured motor vehicles. We cannot agree with this argument. Construing the provisions of these policies in regard to the question whether the Legislature intended such policies to be included under the uninsured motorist statute, we *734 conclude that these policies are not “automobile liability or motor vehicle liability policies].” As this Court pointed out in Trinity Universal Ins. Co. v. Metzger, 360 So.2d 960, 962 (Ala.1978):
“Automobile liability policies and motor vehicle liability policies insure against the risk of loss through the operation of specific automobiles. An umbrella policy, on the other hand, is fundamentally excess insurance designed to protect against catastrophic loss. Before an umbrella policy is issued, a primary policy (the ‘underlying policy’) must be in existence and this primary policy must by law provide uninsured motorist coverage. The umbrella policy assumes a risk of much less frequent occurrence, i.e., the risk of judgmehts in excess of primary policy limits, and accordingly carries premiums which reflect the lesser magnitude of this risk. The umbrella policy issued by Trinity Universal is an inherently different type of insurance from an automobile or motor vehicle liability policy, and consequently does not come within the scope of the uninsured motorist statute.”
Applying the principle of the Metzger case, we can conclude only that all three of these policies are excess policies and are not designed to take effect unless the damages that the insured is legally obligated to pay exceed the coverage of the underlying insurance policies. Sweatt was not a named insured under any of the excess policies. The named insured in each instance was the Bakery. The Bakery never became “legally obligated” to pay Sweatt anything except worker’s compensation benefits, which were covered under the Employer’s Casualty policy and which have been paid. The Bakery has never become legally obligated to pay any sums for which the insurer defendants assumed the risk of loss; therefore, Sweatt’s claims do not- come within the clear and express coverage of these excess policies.
Therefore, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.