MADDOX, Justice.
The only reason the Sweatts appealed in this case, according to their briefs, was to ensure that the entry of a final judgment in this ease would affect appeals they had pending in this Court relating to their rights to recover uninsured motorist benefits from three excess insurance carriers. See Sweatt v. Great Am. Ins. Co., 574 So.2d 732 (Ala.1990).
The appellants, Thomas Albert Sweatt and Pauline Sweatt, filed an uninsured motorist claim against Mr. Sweatt’s employer’s automotive insurance carrier, Employers Casualty Company (“Employers”), which arose out of the same fact situation set out in Sweatt v. Great American. Thereafter, Employers interpleaded $60,-000 (based on the $20,000 uninsured motorist insurance policy limits on the tractor trailer truck driven by Mr. Sweatt at the time of the accident, and the stacking of two additional $20,000 uninsured motorist insurance coverages as provided by Alabama law) and asked the court to enter an order discharging it from all liability. The Sweatts then amended their complaint to *660 add the employer’s three excess insurance carriers; the claim against those three carriers was the subject of the appeal in Sweatt v. Great American.
The trial court entered a summary judgment in favor of the three excess insurers and made that judgment final. See Rule 54(b), A.R.Civ.P. The Sweatts appealed to this Court. The trial court also determined that Employers’ payment of $60,000 fulfilled its obligations to the Sweatts and entered an order entitling the Sweatts to recover the $60,000, plus interest; dismissing Employers; and made that order a final judgment. The Sweatts argued that the trial court’s entry of a final judgment in favor of Employers might bar their right to argue the issues that were pending in their appeal as to the three excess insurers. We disagree.
In the Sweatts’ first appeal, we affirmed the judgment of the trial court for the three excess insurers. See Sweatt v. Great American, supra.
Based on these facts, we hold that the trial court’s final judgment in favor of Employers had no effect upon the appeal that was pending in this Court relating to the excess insurance claims.
The general rule is that if, while an appeal is pending, some event makes a determination of the issues raised in the appeal unnecessary, the appeal will be dismissed. Grant v. City of Mobile, 50 Ala. App. 684, 282 So.2d 285 (Ala.Civ.App.), cert. denied, 291 Ala. 458, 282 So.2d 291 (1973). The issue presented by this appeal is moot because the Sweatts’ appeal regarding the excess insurers has been decided. Therefore, this appeal is due to be dismissed.
DISMISSED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.