MONROE, Judge.
The City of Mobile sued Mobile Marine Radio, Inc., to recover taxes, penalties, and interest it claims Mobile Marine owed the city for tax years 1990 through 1996. Mobile Marine contended that it was exempt from paying local license taxes because, it says, the city ordinance authorizing those taxes specifically exempted those portions of a business’s earnings that were derived through interstate commerce. The trial court entered a partial summary judgment in favor of the city on the issue of liability, finding that Mobile Marine was involved in intrastate commerce and was not exempt from licensing taxes. A hearing was scheduled on the issue of damages. However, on the date of the hearing the parties stipulated that, if it were indeed liable, the amount of taxes Mobile Marine owed was $38,088.52. The trial court entered a final judgment awarding the city that amount. Mobile Marine appeals from the partial summary judgment holding that it was hable for the taxes.
The evidence shows that Mobile Marine operates a ship-to-shore radio station. The station receives incoming transmissions at its Mobile facility from ships in the Gulf of Mexico and relays those messages to sites throughout the United States. The Mobile station also takes transmissions from across the country and relays those messages to ships in the Gulf. Mobile Marine has national and international accounts.
Mobile Marine contends that, in entering the partial summary judgment in favor of the city, the trial court erred in classifying all of its activities as intrastate commerce. The trial court specifically found that the city’s business license tax “is not levied on an interstate transaction.” However, in its brief to this court, the city concedes that Mobile Marine is “engaged in interstate commerce because most of its customers are located outside of the state.”
We agree that Mobile Marine is engaged in interstate commerce. “[Ijnterstate *215 commerce is distinguished from other commerce by the phrase ‘among the several states’ as found in the commerce clause of the U.S. Constitution.” Miller Transporters, Inc. v. Alabama Public Service Commission, 454 So.2d 1373, 1375 (Ala.1984). Clearly, in having customers outside the state and even outside the country, and in relaying transmissions from out of the state and out of the country, Mobile Marine is involved in commerce “among the several states.”
The city argues on appeal that the judgment allowing its collection of the tax against Mobile Marine should be upheld because, it says, Mobile Marine waived its right to appeal the amount of damages owed and failed to raise to the trial court the issue whether those gross receipts derived from interstate commerce are exempt from taxation by the city. We reject both of the city’s arguments.
The trial court entered a summary judgment against Mobile Marine on the issue of liability, finding that Mobile Marine was not involved in interstate commerce. The trial court then set a hearing date to determine damages, i.e., the amount of tax owed to the city. As pointed out in the city’s brief, “[t]he parties agreed that if Mobile Marine was liable, the amount due was $38,000 [sic].” (Emphasis in the original.) The trial court had entered a partial summary judgment on only the issue of liability, and it did not certify that judgment as final pursuant to Rule 54(b), Ala. R. Civ. P. The issue of damages was pending; therefore, Mobile Marine could not appeal from the partial summary judgment. See, Ex parte Drill Parts & Service Co., 590 So.2d 252 (Ala.1991). At that point, Mobile Marine agreed that if it were liable, as the trial court had already found, then it owed just over $38,000 in taxes. Once it had a final judgment from which to appeal, Mobile Marine did so on the issue of whether it was liable for taxes on receipts earned in interstate commerce. Mobile Marine did not waive the right to appeal that issue merely because it agreed to a certain sum that would be owed if the trial court was correct in its holding in the partial summary judgment.
The city also contends that Mobile Marine took an “all-or-nothing” approach to this case and did not raise the issue whether the amounts of gross receipts derived from interstate commerce, as opposed to all its gross receipts, should be exempt from the city tax. Specifically, it says, Mobile Marine believed that it was exempt from paying any city taxes because it was licensed by the Federal Communications Commission. The record does not support this contention.
Mobile Marine’s response to the city’s motion for a partial summary judgment on the issue of liability shows that a reduction in the total amount of tax was an issue before the trial court. A portion of the response reads as follows:
“Mobile Marine Radio acknowledges that it is liable for the basic license tax and has attempted to pay this tax on several occasions. The City has argued that it has a right to audit the company and to levy a gross receipts tax based on the entire volume of business. It [is] the position of Mobile Marine Radio that activities which involve purely interstate commerce cannot be taxed by the City and that there is substantial law in favor of this position and that there is absolutely no law in favor of the position of the City.”
Furthermore, in its partial summary judgment, the trial court wrote, “The only issue is whether any portion of Mobile Marine’s business is attributable to activities in interstate commerce, and if so, whether Mobile’s license tax imposes an undue burden on that commerce.” We do not deny that Mobile Marine’s request might have been more clearly articulated, but it appears to this court that the issue whether Mobile Marine’s total tax liability could be reduced by the amount of gross receipts derived through interstate commerce was before the trial court, and that the trial court understood that that issue was before it.
On appeal, Mobile Marine says that the partial summary judgment classifying all of its activities as intrastate commerce is due to be reversed and that its tax liability should be determined accordingly. As discussed above, the city concedes that at least a portion of Mobile Marine’s business is in inter *216 state commerce, and we agree. Therefore, the partial summary judgment holding that all of Mobile Marine’s gross receipts are subject to the city tax is reversed. The city ordinance establishing the license rate for various businesses provides as follows:
“Radio Broadcasting Stations .002087
“Provided, however, this license shall not apply to that portion of the business that may be in Interstate or Foreign Commerce, or to business done with the Government of the United States.”
City of Mobile Ordinance 34-082, Code No. 333 (1986). We agree with Mobile Marine that, according to the city ordinance, that portion of its business that is in interstate commerce is exempt from the tax. Therefore, the judgment is reversed and this cause is remanded for a determination of which of Mobile Marine’s gross receipts are derived through interstate commerce and are therefore exempt from the city tax. The trial court is directed to determine Mobile Marine’s tax liability accordingly.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.